**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2418-16T1

Z.S.,

     Plaintiff-Appellant,

v.

L.G.-S.,

     Defendant-Respondent.

_____

          Submitted March 26, 2019 – Decided May 7, 2019

          Before Judges Fisher and Hoffman.

          On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FM-15-0500-14.

          Z.S., appellant pro se.

          Respondent has not filed a brief.

PER CURIAM

Plaintiff Z.S. appeals from the final judgment of divorce (FJD) entered by the Family Part following a one-day trial. He presents the following points of appellate argument for our consideration:

I. Trial Court egregiously abused discretion in award of unallocated support (Alimony and Child Support) without ever conducting any hearing, requiring reversal of the Final Judgment of Divorce.

II. Trial Court egregiously abused discretion in award of unallocated support (Child Support) without ever conducting any hearing, testimony, or evidence, requiring reversal.

III. Trial Court egregiously abused discretion in denying Plaintiff's parental rights, without any child custody or parenting time determination, caused by false domestic violence allegations filed by Defendant, thus, requiring reversal.

IV. Trial Court egregiously abused discretion in failing to consider the equitable distribution factors and should have sold the marital residence as it was draining resources, thus, requiring reversal.

V. Trial Court egregiously abused discretion in awarding Defendant attorneys' fees, therefore requiring reversal.

    A. Fees should not be awarded to Defendant on grounds that Plaintiff acted in "bad faith", when Defendant was the party who acted in bad faith and filed a false domestic violence

2

charge which was dismissed, Plaintiff's divorce pleadings were improperly suppressed contrary to the facts he and his 3 attorneys submitted all discovery, Defendant held discovery in marital residence after Plaintiff removed, and defendant never provided any discovery that was demanded by Plaintiff and his attorneys, requiring reversal.

Having reviewed the record, we find that the extensive oral decision of Judge Marlene L. Ford is supported by sufficient credible evidence, is consistent with applicable law, and does not represent an abuse of the judge's discretion. See Cesare v. Cesare, 154 N.J. 394, 411-12 (1998); Steneken v. Steneken, 367 N.J. Super. 427, 434-35 (App. Div. 2004), aff'd as modified, 183 N.J. 290 (2005). We perceive no reason to depart from our usual rule of deference to a trial judge's credibility determinations and to the expertise of the Family Part in handling matrimonial disputes. Cesare, 154 N.J. at 412. We affirm substantially for the reasons set forth by Judge Ford in her comprehensive oral opinion issued on December 20, 2016. We add the following comments.

The parties married in 1999 and three children (current ages nineteen, fifteen, and eleven) were born of the marriage. In January 2014, police arrested plaintiff following a domestic violence incident and defendant obtained a

3

temporary restraining order (TRO); however, the court dismissed the TRO following a trial that same month.

Plaintiff filed for divorce in October 2013. In April 2014, following a hearing which plaintiff failed to attend despite receiving notice, Judge Madelin F. Einbinder ordered defendant "shall have temporary sole, legal and residential custody" of the parties' children. That same order granted plaintiff supervised parenting time.

Throughout the remainder of the proceedings, Judge Ford ordered plaintiff would continue to receive supervised parenting time, provided he complete an anger management program, based upon the domestic violence alleged by defendant, a recording defendant submitted capturing plaintiff in a rage, and plaintiff's admission to police he used corporal punishment with the parties' oldest child.

At the time of the divorce trial, Judge Ford found the corporal punishment was "excessive" and "harmful," but concluded it was "an isolated incident." She noted that the oldest child did not wish to have parenting time with plaintiff and the middle child was hesitant to visit with plaintiff in an unsupervised setting. Moreover, the judge noted plaintiff provided vague and incomplete information as to his place of residence. The judge also found "plaintiff has some impulse

4

control problems . . . and some anger management issues," which he exhibited "during the course of the trial."

The litigation was extremely contentious and involved voluminous filings by the parties. Ultimately, Judge Ford found plaintiff acted in bad faith throughout the litigation, draining defendant's resources and disrupting the proceedings. The court also found plaintiff intentionally failed to comply with court orders, make sufficient financial disclosures, and otherwise attempted to obscure his financial status to defendant's disadvantage. As a result, on December 18, 2015, Judge Ford granted defendant's motion to suppress plaintiff's pleadings, pursuant to Rule 4:23-2(b), concluding he engaged in "a calculated effort to avoid his obligations to make discovery and to otherwise conduct himself in good faith . . . ." The record provides ample support for this conclusion, including defendant's failure to obey a previous court order requiring him to pay the mortgage and all utilities for the marital home occupied by defendant and the parties' three children. As a result, the home went into foreclosure, and the gas and electrical services to the home were shut off, leaving "the children . . . without the ability to have hot showers . . . ."

In her oral decision on the FJD, Judge Ford carefully addressed and made findings as to each of the statutory factors applicable to a custody and parenting

5

time determination. The FJD included supervised parenting time for plaintiff and ordered the parties to participate in a custody neutral assessment to determine whether and when it would be appropriate to transition plaintiff to unsupervised parenting time. The record clearly reflects that Judge Ford reasonably exercised her discretion when she addressed the issues of custody and parenting time.

Regarding equitable distribution, plaintiff contends, "Defendant was awarded all assets and monies based on fraudulent 'bad faith[,]'[] and then granted alimony after being given [one-hundred percent] of the financial assets." Ibid. Plaintiff asserts the former marital residence was a drain on assets and should have been sold, pursuant to Randazzo v. Randazzo, 184 N.J. 101, 113 (2005). We disagree.

Judge Ford did not award 100 percent of the assets to defendant. Instead, she ordered that defendant was entitled to equitable distribution if the undisclosed business entities which plaintiff was alleged to own, or have an interest in, were eventually located. This does not presume defendant was granted 100 percent of the asset. Additionally, the judge ordered defendant was entitled to equitable distribution of $650,000, representing assets which plaintiff claimed he no longer possessed but the judge concluded he failed to provide a

sufficient account as to their disposition.  The judge also ruled defendant was entitled to fifty percent of the proceeds generated from the sale of the cars purchased during the marriage.  As to the former marital residence, the judge ordered defendant should retain title, in part, to utilize whatever equity existed in the property to offset plaintiff's substantial arrearages of support payments. The court also provided that defendant would retain the items in the former marital residence because plaintiff previously entered the home and removed his work and personal items.

The judge adequately addressed the factors of N.J.S.A. 2A:34-23.1.  Her decision was well within her broad discretion to allocate the marital assets she determined were subject to equitable distribution.

Plaintiff asserts the trial court failed to consider the nine factors under Rule 5:3-5(c) before ordering plaintiff to pay defendant's counsel fees.  Ibid.  He also argues he was unable to retain counsel, which was "catastrophic and requires reversal."  We are not persuaded.

Judge Ford made ample findings throughout the pendency of the litigation, and upon her final disposition, as to the award of counsel fees.  The judge noted plaintiff's outright failure to comply with numerous court orders, his filing of frivolous motions intended to drain defendant's resources, his refusal to pay

A-2418-16T1

court-ordered child support, and the fact that all marital assets were maintained in accounts controlled by plaintiff and defendant was essentially a homemaker with limited earning capacity. Additionally, the judge addressed the Rule 5:3-5(c) factors and made detailed findings on the record supporting her award of attorney's fees. Her determination that plaintiff acted in bad faith to disrupt the litigation and drain defendant's resources, and caused defendant to incur substantial unnecessary costs, was amply supported by the record and not an abuse of discretion.

Plaintiff's additional appellate contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2418-16T1